O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YUBA L. DORAN, | ) | Case No. SA CV 04-1382 AN |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

/ / /

Plaintiff raises the following issues: (1) the Appeals Council erred by failing to grant review based on new evidence from her treating physicians; (2) the Administrative Law Judge ("ALJ") erred by rejecting the opinions of her treating physician; (3) the ALJ erred by discounting her credibility; and (4) the ALJ erred in assessing her residual functional capacity. The Commissioner disagrees.

Plaintiff's argument that the ALJ failed to adequately consider her subjective symptom testimony is persuasive. [JS at 12-16.] The ALJ must perform a two-step analysis in determining whether to accept the subjective symptom testimony of a claimant. In the first step, the claimant must produce objective medical evidence of one or more impairments, and show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) (superseded by statute on unrelated grounds)). The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is only to show the impairment could reasonably have caused some degree of the symptom; a showing that the impairment could reasonably be expected to cause the severity of the symptom is not required. *Smolen*, 80 F.3d at 1282. In the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of her symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id.* at 1284.

Here, the ALJ accepted objective medical evidence that Plaintiff suffers from degenerative disc disease of the lumbosacral spine with some radicular pain, a ganglion cyst on the non-dominant left wrist, mild carpal tunnel syndrome, and early degenerative joint disease of the right knee. [AR at 17.] The ALJ made no claim of affirmative evidence of malingering. Therefore, the ALJ was required to cite clear and convincing

reasons for rejection of Plaintiff's testimony.

The ALJ's reasons for rejecting Plaintiff's testimony were neither clear nor convincing. The ALJ first found Plaintiff had not established a medically determinable impairment that would reasonably be expected to produce her subjective symptoms to the degree alleged. [AR at 17.] This was not a proper basis for rejecting Plaintiff's credibility because Plaintiff was not required to show that her impairments could be expected to cause the severity of her symptoms, but only that they could reasonably have caused some degree of the symptom. *Smolen*, 80 F.3d at 1282. The ALJ also argued that Plaintiff received only conservative treatment, noting that she had not been hospitalized for extended periods, was not a surgical candidate, and did not receive significant forms of treatment for pain. [AR at 17.] While Plaintiff was not hospitalized for pain, Plaintiff reported that she takes Demerol[1] for pain on a daily basis. [AR at 62, 257-58.] Plaintiff's failure to undergo surgery was also not a legitimate reason for discounting Plaintiff's credibility. *See* 20 C.F.R. § 404.1530. Plaintiff explained that she would not undergo back surgery until an "artificial disc" was available. [AR at 225.] Given the inherent risks associated with back surgery, Plaintiff's failure to become a surgical candidate was reasonable. *See* 20 C.F.R. § 404.1530(c)(4) (an acceptable reason for failing to follow prescribed treatment is if the treatment is very risky for the claimant). Next, the ALJ criticized Plaintiff's testimony because there was no evidence of abnormalities of gait, use of assistive devices, or diffuse atrophy or muscle wasting. [AR at 17.] Although the ALJ has the discretion to evaluate credibility and to arrive at an independent judgment regarding the true extent of the pain alleged, it was improper for the ALJ to reject Plaintiff's allegations of disabling pain on the ground that objective, clinical findings did not establish a cause for such intense pain. *Smolen*, 80 F.3d at 1282; *see* 20 C.F.R. § 404.1529(c)(2)("we will not reject your statements about the intensity

---

[1] Demerol (meperidine hydrochloride) "is a narcotic analgesic with multiple actions qualitatively similar to those of morphine." Physicians Desk Reference 2780 (53rd. ed. 1999).

Page 3

and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). The ALJ also considered Plaintiff's use of medications. The ALJ noted that Plaintiff had been able to take medication for pain while she was working without any apparent difficulties. [AR at 17.] Plaintiff's successful use of medications prior to her alleged onset date, however, is not relevant to Plaintiff's current claim for benefits. The ALJ also noted that there was no credible evidence that Plaintiff regularly used strong medication to alleviate pain and there was no evidence of significant side effects from medication. [AR at 17.] As discussed above, Plaintiff reported taking Demerol, a morphine-like analgesic, on a daily basis. [AR at 62, 257-58.] The medical expert also testified that use of Demerol as described by Plaintiff would result in some side effects. [AR at 62.] Although the ALJ was not obligated reconcile every conflicting piece of medical evidence, the ALJ was required to acknowledge relevant evidence or explain her implicit rejection of it. *Smolen*, 80 F.3d at 1284 (the ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.") Finally, the ALJ considered Plaintiff's demeanor at the hearing in rejecting her credibility. [AR at 17.] The ALJ's reliance on her own observations of Plaintiff at the hearing, by itself, does not provide substantial evidence in support of the decision to reject Plaintiff's credibility. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989)(explaining that an ALJ may not rely on her own observations of the claimant at the hearing as the sole reason for rejecting the claimant's complaints); *see Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985)(condemning consideration of an ALJ's personal observations of the claimant, not based on medical evidence, as "sit and squirm" jurisprudence); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible."). In summary,

the ALJ failed to properly evaluate Plaintiff's allegations of pain and other symptoms.[2]

## III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   December 15, 2005          /s/ Arthur Nakazato
                                    ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Because the ALJ improperly rejected Plaintiff's credibility, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, *inter alia*, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.